UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD W. TAYLOR, JR., | No. 1:26-cv-05196-SAB (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION |
| v. | |
| MONICA DIAZ, et al., | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION |
| Defendants. | |
| | (ECF No. 1) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's complaint, filed July 6, 2026. (ECF No. 1.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff was prosecuted without a competent first-hand witness, without a valid warrant, and without a meaningful opportunity to confront witnesses against him. No lawful warrant supported by a sworn affidavit of probable cause signed by a neutral and detached magistrate was produced at or prior to initiation of proceedings. Plaintiff was denied due process because the proceedings were conducted without a meaningful disclosure of the nature and cause of the action.

On or about August 27, 2025, Plaintiff filed a petition for writ of habeas corpus in the Fresno County Superior Court. The statutory deadline under Penal Code § 1476 elapsed without any response. The Superior Court issued an order denying the petition without prejudice solely

2

on a verification deficiency-not on the merits.  The refusal to file a verified return constitutes an ongoing, active deprivation of Plaintiff's constitutional right to meaningful habeas review.

Plaintiff remains incarcerated, and the state custodians have obstructed judicial review by refusing to respond to lawful habeas proceedings across multiple facilities.  Plaintiff seeks compensatory and punitive damages, declaratory relief, and injunctive relief.

### III.

### DISCUSSION

A.      Section 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." Devereaux v. Abbey, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1138 (9th Cir. 2012).

There are two methods for state prisoners to raise complaints related to their imprisonment in federal court. See Muhammad v. Close, 540 U.S. 749, 750 (2004) ("Federal law opens two main avenues to relief on complaints related to imprisonment....") (citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)).  In general, claims of constitutional violations related to the "circumstances" of a prisoner's confinement must be brought in a civil rights action under Section 1983, see id., while constitutional challenges to the validity or duration of a prisoner's confinement which seek either "immediate release from prison" or the "shortening of [a state prison] term" must be raised in a petition for federal habeas corpus under 28 U.S.C. § 2254 or through appropriate state relief. Wilkinson v. Dotson, 544 U.S. 74, 78-79 (2005) (citations and internal quotation marks omitted); Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) ("The Court has long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983

action.") (citing Dotson, 544 U.S. at 81-82).

Plaintiff cannot seek relief by way of section 1983 based on claims challenging his underlying criminal proceedings or that he has been falsely imprisoned, without first showing his conviction has already been invalidated.  "[W]hen a state prisoner is challenging the very fact or duration of physical imprisonment, and the relief [the prisoner] seeks is a determination that is entitled to immediate release or a speedier release from that imprisonment, sole remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that an injunctive relief action to restore the revocation of good-time credits is not cognizable under § 1983); see also Skinner v. Switzer, 562 U.S. 521, 525 (2011); Simpson v. Thomas, 528 F.3d 685, 692-93 (9th Cir. 2008); Ramirez v. Galaza, 334 F.3d 850, 855-56 (9th Cir. 2003); Bogovich v. Sandoval, 189 F.3d 999, 1002-03 (9th Cir. 1999) (applying rule to ADA claim); Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).

Accordingly, where the § 1983 action would necessarily imply the invalidity of the conviction or sentence, it may not proceed. See Edwards v. Balisok, 520 U.S. 641, 646-48 (1997), 520 U.S. at 646-48 (concluding that § 1983 claim was not cognizable because allegation of procedural defect – a biased hearing officer – would result in an automatic reversal of the prison disciplinary sanction); Heck v. Humphrey, 512 U.S. 477, 483-87 (1994). (concluding that § 1983 claim was not cognizable because allegations were akin to malicious prosecution claim which includes as an element that the criminal proceeding was concluded in plaintiff's favor); Szajer v. City of Los Angeles, 632 F.3d 607, 611-12 (9th Cir. 2011) (concluding that Fourth Amendment unlawful search claim was not cognizable because a finding that there was no probable cause for the search would necessarily imply the invalidity of plaintiffs' conviction for felony possession of a pistol); Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) (per curiam) (concluding that claims for false arrest and false imprisonment were not cognizable because a finding that there was no probable cause to arrest plaintiff for disturbing the peace would necessarily imply that plaintiff's conviction for disturbing the peace was invalid).

///

Plaintiff's claims relating to his criminal proceedings necessarily challenges his conviction and bars the complaint from moving forward because of the "favorable termination" rule derived from Heck, regardless of the remedy sought. Cabrera, 159 F.3d 374, 380; Balisok, 520 U.S. 641, 646-48; Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (explaining that "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). Accordingly, Plaintiff cannot state a claim for false imprisonment by way of section 1983.

### B.    Leave to Amend

As explained above, the Court finds that the complaint fails to state a cognizable civil rights claim under 42 U.S.C. § 1983 and that any amendment of the complaint would be futile. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely."). Because Plaintiff cannot state a claim as a matter of law, it is recommended that this action be dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1).

### IV.

### ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that the action be dismissed, without leave to amend, for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is

advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 10, 2026**

STANLEY A. BOONE
United States Magistrate Judge